Archibald W. Berks, Plaintiff, *v.* Horace L. Hotchkiss and Another, Defendants.

*Attorney and client — when the General Term will interfere between them.*

It is not the province of the General Term to interfere in quarrels between a client and his attorney, except where the latter has been guilty of such unprofessional and dishonest conduct as requires his disbarment or discipline in other ways.

Motion by the plaintiff in person for an order requiring his attorney to carry out a stipulation.

Per Curiam :

We do not think that this proceeding calls for any summary action on our part. It is true there are charges of duplicity and deception, but the real grievance which the client seems to have, results from the alleged neglect of his attorney to appeal in time, whereby such right was lost to his client. This, the client understood, gave him a right of action against the attorney, and he claims that it was in consideration of his agreement to defer such action that the stipulations set forth in the papers were made, under one of which it is claimed the attorney agreed to devise other legal actions and to move to vacate the judgment, and also to employ another lawyer in that connection, without cost to the client.

If the attorney has been guilty of a breach of the stipulation the client is remitted to his original position, and has his right of action against his attorney for damages. It is not our province to interfere in quarrels between client and attorney, except where the latter has been guilty of such unprofessional and dishonest conduct as would require us to disbar or in other ways discipline him. Here, however, it would appear that the attorney, through neglect, failed to serve his notice of appeal in time, and thus lost such right to his client ; and the most serious misrepresentations claimed to have been made by the attorney were subsequent to this event, and were made, as alleged, in endeavoring to explain such defaults, or were the cause of the attorney's entering into stipulations which it is insisted he has not fulfilled, and which it was the purpose of this motion, among other things, to compel him to do. It is not very clear how we could compel the attorney to proceed with the actions or proceedings with a view to remedying the omission to appeal in time, or how we could compel him to pay other lawyers, so that the plaintiff might have his rights restored at the cost and expense of the attorney. We think that the client should be remitted to his action at law, when, if he proves the facts that are here alleged against the attorney, he can recover such damages as he is shown to have suffered by reason of such attorney's neglect.

The application is accordingly denied.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Application denied.